UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHEREN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 09-00634-BGC-11 |
| BFW LIQUIDATION, LLC f/k/a., ) | Chapter 11 |
| BRUNO'S SUPERMARKETS, LLC, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| WILLIAM S. KAYE, as Liquidating ) | |
| Trustee of BFW Liquidation, LLC ) | Adversary Proceeding No. 11-_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FIRST DATA CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIM**

Plaintiff, William S. Kaye, in his capacity as Liquidating Trustee ("Trustee") for BFW Liquidation, LLC f/k/a Bruno's Supermarkets, LLC ("Debtor"), by counsel, pursuant to 11 U.S.C. §§105, 502, 547 and 550 and Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure, for its Complaint to Avoid and Recover Preferential Transfers and Objection to Claim against Defendant, FIRST DATA CORPORATION ("Defendant"), states, as follows:

**Jurisdiction/ Venue/ Parties**

1. On February 5, 2009 ("Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") and initiated its bankruptcy case, case no. 09-00634 ("Bankruptcy Case"), in the United States Bankruptcy Court for the Northern District of Alabama (the "Court").

2. On September 25, 2009, the Debtor's Fourth Amended Chapter 11 Plan of Liquidation (the "Plan") was confirmed by the Order Confirming Debtor's Fourth Amended Plan of Liquidation [Bankruptcy Case Docket No. 1738] (the "Confirmation Order").

3. The Plan became effective on October 6, 2009 ("Effective Date").

4. Pursuant to the Plan and Confirmation Order, the Trustee was appointed as of the Effective Date.

5. Pursuant to paragraph 20 of the Confirmation Order and Section VI of the Plan, the Trustee has been empowered by the Court to pursue and prosecute Causes of Action, as that term is defined in the Plan, including any claim, action or cause of action of the Debtor or the estate, or either of them, that is or may be the subject of an adversary proceeding or contested matter under sections 510, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, and/or 553 of the Bankruptcy Code, or pursuant to any similar or related state or federal statutes or common law (including fraudulent transfer laws) (each, an "Avoidance Action").

6. This is an Avoidance Action and this Court has jurisdiction over this proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 and 1134(b) and paragraph 21 of the Confirmation Order.

7. This Adversary Proceeding constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(2)(B) & (F).

8. The Bankruptcy Case was commenced in this Court and by this Adversary Proceeding the Trustee is seeking a judgment in excess of $10,000.

9. Venue is proper in this district and division pursuant to 28 U.S.C. §1409.

10. Upon information and belief, Defendant is a Delaware corporation with its principal place of business at 5565 Glenridge Connector NE, Suite 2000, Atlanta, GA 30342 and

can be served by U.S. Mail pursuant to Fed. R. Bank. P. 7004 via its registered agent, Corporation Service Company, at 40 Technology Parkwy South, #300, Norcross, GA 30092.

11. This Court has personal jurisdiction over the Defendant pursuant to Fed. R. Bank. P. 7004(f).

12. The Trustee consents to entry of final orders or judgment by the Court.

## Count I
### Avoidance of Transfers Made to the Defendant Pursuant to 11 U.S.C. §547(b)

13. Paragraphs 1 through 12, above, are incorporated herein by reference.

14. According to the Debtor's records, in the ninety day period immediately prior to the Petition Date ("Preference Period"), the Debtor transferred to the Defendant the aggregate sum not less than $42,522.43 (each such transfer individually, a "Preferential Transfer", and all such transfers collectively, the "Preferential Transfers"). A detailed summary of the Preferential Transfers including the date and amount of each Preferential Transfer is attached hereto as Exhibit A and is incorporated herein by reference.

15. The Preferential Transfers were made by check from the Debtor's bank account to an account of the Defendant and constitute an interest of the Debtor in property. A list of the known account numbers is listed on Exhibit A.

16. Debtor scheduled Defendant as having a claim in the amount of $11,683.20.

17. Upon information and belief, the Preferential Transfers were related to services provided by the Defendant to the Debtor prior to the payment of the Preferential Transfers.

18. Pursuant to the Amended Summary of Schedules [Bankruptcy Case Docket No. 934] filed by the Debtor, on the Petition Date the Debtor's assets were worth $73,094,353.41 and its liabilities were listed at $44,877,257.85.

19. Section 547(f) of the Bankruptcy Code states, in part that, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."

20. The Plan, the Confirmation Order and the proceedings in the Bankruptcy Case support the presumption of insolvency contained in Bankruptcy Code section 547(f).

21. Pursuant to Exhibits E and F to the Debtor's Disclosure Statement to the Plan [Bankruptcy Case Docket No. 1350], the Debtor's liabilities were $7,337,788,000 and its unencumbered assert were worth $13,125,000.

22. Pursuant to the liquidation analysis included as Exhibits E and F to the Debtor's Disclosure Statement [Bankruptcy Case Docket No. 1350], unsecured creditors would have received less than one percent of the value of their claims if the Debtor liquidated its unencumbered assets.

23. Upon information and belief, Defendant would have received less than one percent of the value of the Preferential Transfers had the Preferential Transfers not been made and the Debtor had liquidated its assets in a case under chapter 7 of the Bankruptcy Code.

24. The Preferential Transfers were made by the Debtor to or for the benefit of the Defendant.

25. The Defendant was a creditor of the Debtor at the time each Preferential Transfer was made.

26. The Preferential Transfers were made for or on account of antecedent debt owed by the Debtor before the Preferential Transfers were made.

27. The Debtor was insolvent at the time of the Preferential Transfers were made.

28. Each Preferential Transfer occurred during the Preference Period.

4

29. The Preferential Transfers enabled the Defendant to receive more than the Defendant would have received were the Debtor's case one under chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and the Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

30. The Preferential Transfers diminished the value of the Debtor's estate by the amount of the Preferential Transfers.

31. The Trustee may avoid the Preferential Transfers, pursuant to section 547(b) of the Bankruptcy Code.

WHEREFORE, the Trustee is accordingly entitled to judgment against the Defendant avoiding the Preferential Transfers.

## Count II
### Liability of Defendant Pursuant to 11 U.S.C. § 550

32. Paragraphs 1 through 31, above, are incorporated herein by reference.

33. Pursuant to section 550(a) of the Bankruptcy Code and the Plan, the Trustee, through and for the benefit of the Trust, is entitled to recover the value of any transfers avoided under section 547 of the Bankruptcy Code.

34. The Defendant is the initial transferee of the Preferential Transfers or an immediate or mediate transferee of the immediate transferee of the Preferential Transfers as those terms are used in section 550(a) of the Bankruptcy Code.

35. To the extent that any of the Preferential Transfers are avoided by the Trustee, the Trustee may recover the value of any such Preferential Transfers from the Defendant.

36. All of the Preferential Transfers are avoidable under section 547 of the Bankruptcy Code, thus the Trustee is entitled to recover not less than $42,522.43 from the Defendant pursuant to section 550(a) of the Bankruptcy Code.

WHEREFORE, the Unsecured Creditor Trustee is accordingly entitled to judgment against the Defendant awarding the value of the Preferential Transfers to the Trust for not less than $42,522.43.

**Count III**
**Objection to Defendant's Claim Pursuant to 11 U.S.C. §502(d)**

37. Paragraphs 1 through 36, above, are incorporated herein by reference.

38. Pursuant to section 502(d) of the Bankruptcy Code, the Court shall disallow any claim of any transferee of a transfer avoidable under section 547 of the Bankruptcy Code unless such transferee has paid the amount for which the transferee is liable under section 550 of the Bankruptcy Code.

39. Defendant has or may claim to have a claim or claims in the Bankruptcy Case.

40. The Defendant is the transferee, as that term is used in section 502(d) of the Bankruptcy Code, of the Preferential Transfers.

41. All of the Preferential Transfers are avoidable under section 547 of the Bankruptcy Code.

42. The Defendant is liable to the Trust for not less than $42,522.43 pursuant to sections 547(b) and 550(a) of the Bankruptcy Code.

43. The Defendant has not paid the Trustee the amount for which the Defendant is liable under sections 547(b) and 550(a) of the Bankruptcy Code.

44. The Trustee objects to any and all claims of the Defendant pursuant to section 502(d) of the Bankruptcy Code.

WHEREFORE, the Trustee is entitled to judgment against the Defendant disallowing all claims of the Defendant as provided by section 502(d) of the Bankruptcy.

## Count IV
### Interest and Costs

45. Paragraphs 1 through 44, above, are incorporated herein by reference.

46. The Defendant received the Preferential Transfers from the Debtor which would have otherwise been part of the Debtor's estate.

47. On or about August 27, 2010, (the "Demand Date"), the Trustee, made written demand on the Defendant for the return of the Preferential Transfers. A copy of the demand letter is incorporated herein by reference and attached hereto as <u>Exhibit B</u>.

48. The Defendant did not return the Preferential Transfers to the Trustee.

49. Trustee seeks an award of court costs and pre and post-judgment interest to the furthest extent permitted.

WHEREFORE, the Trustee is entitled to judgment against the Defendant in the amount of the Preferential Transfers, together with interest at the average of the Federal Reserve Board prime rate from the Demand Date until entry of judgment herein, and thereafter at the rate provided under 28 U.S.C. §1961(a) from the date of entry of judgment until paid, plus costs of this action.

## Count V
### Reservation of Rights

50. The Trustee continues to perform an investigation into matters related to the Debtor's case. To the extent that such investigation results in the finding of other claims against the Defendant or that there are other grounds for objection to any claims of the Defendant, the Trustee reserves his rights to bring other claims or objections.

## Relief Requested

WHEREFORE, the Trustee respectfully requests the Court's entry of a judgment in favor of the Trustee, and against the Defendant, as follows:

A. Determining that the Preferential Transfers are avoidable and that the Unsecured Creditor Trustee may recover not less than $42,522.43 from the Defendant pursuant to sections 547 and 550 of the Bankruptcy Code;

B. Preserving the Preferential Transfers for the benefit of the Debtor's chapter 11 bankruptcy estate;

C. Awarding pre-judgment interest, costs of this action, together with interest on the judgment at the federal judgment rate;

D. Disallowing all claims of the Defendant in accordance with section 502(d) of the Bankruptcy Code; and

E. Granting the Trustee all other relief just and proper in the premises.

Respectfully Submitted,

HOSTETLER & KOWALIK, P.C.

By /s/ Jeremy M. Dunn
Jeffrey A. Hokanson
Jeremy M. Dunn
HOSTETLER & KOWALIK, P.C.
101 West Ohio Street, Suite 2100
Indianapolis, Indiana 46204
Tel: (317) 262-1001
Fax: (317) 262-1010
Email: jhokanson@hklawfirm.com
Email: jdunn@hklawfirm.com

*Counsel for William S. Kaye, in his capacity as Liquidating Trustee for BFW Liquidation*

# EXHIBIT A

Schedule of Payments to FIRST DATA CORPORATION Clearing During the 90 Day Preference Period

| Check Number | Check Date | Bank Account | Clear Date | Payment Amount |
|---|---|---|---|---|
| 324591 | 10/31/2008 | 5990014111 | 11/7/2008 | $175.63 |
| 327546 | 12/12/2008 | 5990014111 | 1/6/2009 | $1,908.69 |
| 328026 | 12/19/2008 | 5990014111 | 1/6/2009 | $23,289.31 |
| 328470 | 12/24/2008 | 5990014111 | 1/20/2009 | $17,148.80 |
| | | | | $42,522.43 |

**BFW LIQUIDATION, LLC**
**f/k/a Bruno's Supermarkets, LLC**

William Kaye,
Liquidating Trustee

Mailing Address: BFW Liquidation, LLC
Preference Program
2 South Biscayne Blvd.
Suite 1800
Miami, FL 33131

Telephone - 305-416-3326
Email - Brunos@mesirowfinancial.com

### Bankruptcy Preference Demand - Immediate Attention Required

August 27th, 2010

FIRST DATA CORPORATION
PO BOX 2021
ENGLEWOOD, CO 80150-2021

Re: In Re: BFW Liquidation, LLC f/k/a Bruno's Supermarkets, LLC f/d/b/a Food World (the "Debtor")
Chapter 11, Case No. 09-00634
United States Bankruptcy Court, Northern District Alabama, Southern Division

Payments Received in Preference Period: $42,522.43
Settlement Offer (80% of Payments): $34,017.94

Dear Sir or Madam:

On February 5, 2009 (the "Petition Date") Bruno's Supermarkets, LLC (the "Debtor") commenced a case under Chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division (the "Bankruptcy Court"). On September 25th, 2009, the Bankruptcy Court entered its Order Confirming Fourth Amended Chapter 11 Plan of the Debtor (the "Plan") with an Effective Date of September 25, 2009. Pursuant to the Plan, William Kaye as appointed Liquidating Trustee, has retained the undersigned as his financial advisors.

Section 547 and 550 of the Bankruptcy Code empowers a debtor or a trustee to recover payments made to creditors during the 90-day period prior to a Debtor's bankruptcy filing, as such payments are deemed to be "Preferential Payments." The purpose of this "preference" section is to facilitate the bankruptcy policy of equality of distribution among creditors of a Debtor. Pursuant to the Plan, the BFW Liquidation, LLC Liquidating Trustee (the "Trustee") was vested with authority to recover preference payments from creditors.

The Trustee has reviewed the potential preference claims involving your company. According to the Debtor's records, FIRST DATA CORPORATION received approximately $42,522.43 during the 90-day preference period. A summary of all relevant payments received by FIRST DATA CORPORATION is enclosed.

In an effort to quickly and amicably resolve the claim against your company without the need for litigation, the Trustee offers to accept payment from FIRST DATA CORPORATION in the amount of $34,017.94 (the "Settlement Amount"), representing 80% of the amount your company received, which payment will result in the satisfaction of all preference claims against your company. Please note that upon payment of the Settlement Amount, your company will not be granted a claim in this Bankruptcy Case for this amount paid, nor will any other claims your company has be affected.

To accept this settlement offer, the Trustee must receive your company's payment of the Settlement Amount (in immediately available U.S. funds) along with an executed copy of the enclosed "Settlement Offer and Agreement Form" at the address below no later than the close of business on September 24th, 2010. Please make your check payable to BFW Liquidation, LLC and mail it to the following address:

BFW Liquidation, LLC f/k/a Bruno's Supermarkets, LLC
c/o Preference Program
2 South Biscayne Blvd., Suite 1800
Miami, Florida 33131

If the Trustee's settlement offer is not timely and properly accepted, this settlement offer will be automatically withdrawn, and the Trustee will be forced to initiate legal action in the Bankruptcy Court to recover, among other things, the full value of the preference claim against your company, plus interest at the highest applicable rate allowed under the Bankruptcy Code, plus any other amounts available under the law. In addition, if your company filed a claim in the Chapter 11 Case, your company's claim may not be eligible to receive any distribution made to unsecured creditors under the Plan unless the preference claim against your company is resolved. Therefore, please recognize this settlement proposal as your company's opportunity to get this matter resolved at a discount and without having to incur your own legal costs.

This confidential letter is provided for settlement purposes only and, as such, any statements contained herein are inadmissible pursuant to Federal Rule of Evidence 408. Nothing contained herein should be construed as an admission of fact or law by the Trustee or the Debtor. To the extent you do not accept and we determine that additional preferential payments not yet considered or discovered were received by you during the ninety (90) day preference period, the Trustee expressly reserves all rights with regard thereto at this time.

If you have any questions regarding this demand, you may contact us by phone at 305-416-3326 and/or by email at Brunos@mesirowfinancial.com. Additionally, if you have an attorney, you may direct this letter to him or her and provide the undersigned with his or her contact information.

We hope that once you have reviewed these materials, you will take advantage of this opportunity to resolve this matter for a discounted amount without the need and expense of further collection efforts or litigation. We invite your questions and responses, and thank you in advance for your cooperation.

Very Truly Yours,
BFW Liquidation, LLC

William Kaye,
Liquidating Trustee

Enclosures

# EXHIBIT B

In RE BFW Liquidation, LLC f/k/a Bruno's Supermarkets, LLC f/d/b/a Food World
Chapter 11, Case No. 09-00634
United States Bankruptcy Court, Northern District Alabama, Southern Division

SETTLEMENT OFFER AND ACCEPTANCE FORM

FIRST DATA CORPORATION (the "Vendor") has read the letter and enclosures sent on behalf of the BFW Liquidation, LLC Trustee with this Settlement Offer and Acceptance Form (the "Demand Letter"), which reflect that the Vendor received payment(s) in the amount of $42,522.43 (the "Payment") during the 90-day preference period from the Debtor in the above-captioned Chapter 11 case (the "Debtor").

Settlement Offer

BFW Liquidation, LLC Trustee herein offers to settle its preference claims against Vendor for $34,017.94 (the "Settlement Payment"), which is an amount equal to 80% of the Payment Amount. This Settlement Offer requires that payment of the Settlement Amount be received by the Trustee referenced below no later than September 24th, 2010.

Acceptance of Settlement Offer

Having considered the Settlement Offer and its rights and liabilities, Vendor hereby accepts the BFW Liquidation, LLC Trustee's offer to settle its preference claims on the terms set forth above and herein encloses a check payable to BFW Liquidation, LLC in the amount of the Settlement Payment. Vendor hereby waives any and all rights to assert a claim against the Debtor for the amount of the Settlement Offer. Any existing claims Vendor may have shall be unaffected by this settlement.

Mutual Release

In consideration for the receipt of the Settlement Payment in good funds, the Trustee and Vendor hereby release and discharge each other of and from any and all claims and causes of action against each other related to, or arising from, any payments received by Vendor during the 90-day preference period, including the payments referenced in the Demand Letter, the collection of any such payments to Vendor, or the payment by Vendor of the Settlement Payment.

Executed on this _____ day of _____, 2010.

FIRST DATA CORPORATION

By: _____ Its:_____

Telephone No.:_____

Return check or money order for $34,017.94 to BFW Liquidation, LLC

Mail To: BFW Liquidation, LLC f/k/a Bruno's Supermarkets, LLC
c/o Preference Program
2 South Biscayne Blvd., Suite 1800
Miami, FL 33131