UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHEREN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 09-00634-BGC-11 |
| BFW LIQUIDATION, LLC f/k/a., | ) | Chapter 11 |
| BRUNO'S SUPERMARKETS, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| WILLIAM S. KAYE, as Liquidating | ) | |
| Trustee of BFW Liquidation, LLC | ) | Adversary Proceeding No. 11-00152 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ORDER ESTABLISHING
PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS**

COMES NOW, William S. Kaye, as Liquidating Trustee (the "Trustee") in the above captioned bankruptcy case (the "Bankruptcy Case") of BFW Liquidation, LLC (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 105, 28 U.S.C. § 651, Fed. R. Bankr. P. 9019, paragraph 20 of the Order Confirming Debtor's Fourth Amended Plan of Liquidation [Docket No. 1738] (the "Confirmation Order") and section VII of the Debtor's Fourth Amended Plan of Liquidation [Docket No. 1632] (the "Plan"), for his *Motion for Order Establishing Procedures for Certain Adversary Proceedings* (the "Motion"), and states as follows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2) and 1334 and section VIII of the Plan.

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Background**

3.      The Debtor filed its voluntary petition for relief under chapter 11 of 11 U.S.C. §
101 et seq. (the "Bankruptcy Code") on February 5, 2009 (the "Petition Date").

4.      The Effective Date[1] of the Plan occurred on October 6, 2009.

5.      Pursuant to paragraph 20 of the Confirmation Order, all Causes of Action of the
Debtor or the Estate of any kind or nature whatsoever including, without limitation, those against
third parties arising before the Effective Date were preserved and retained for enforcement by the
Trustee for the benefit of the Estate.  Moreover, the Trustee retained all Avoidance Actions for
enforcement for the benefit of the Estate.

6.      Pursuant to Section VIII of the Plan, the Court expressly retained jurisdiction to
issue such orders as may be necessary or appropriate to execute, implement or consummate the
provisions of the Plan and to hear and determine the Causes of Action, including all Avoidance
Actions.

7.      The Trustee has filed approximately 150 adversary proceedings seeking the
avoidance and recovery of preferential transfers (the "Preference Actions") against trade vendors
and other prepetition transferees (the "Preference Transferees").[2]  The Trustee files this Motion
to obtain Court approval of procedures streamlining the litigation and resolution of the
Preference Actions, but excluding a) those Avoidance Actions asserted against Bi-Lo, LLC,
Lone Star Funds, and the ten landlords who have already had preference claims filed against
them (Adv. Proc. Nos. 10-00040 through 10-00049), and b) any other claims under chapter 5 of
the Bankruptcy Code including, without limitation, any claims which might be asserted as a

---

[1] The capitalized but undefined terms used herein shall have the meanings ascribed to them in the Plan.
[2] The Trustee reserves all rights with respect to the Estate's Causes of Action against any individual or entity not
specifically named, or referred to, herein.

defense to a claim asserted against the Debtor's bankruptcy estate (collectively, the "Excluded Claims").

## Summary of Relief Requested

8.      The Trustee seeks the entry of an order establishing certain procedures in the Preference Actions (the "Preference Action Procedures"), including in the instant adversary proceeding, substantially in the form attached as **Exhibit A** hereto (the "Procedures Order"), and as summarized below[3], including the establishment of mandatory mediation, the appointment of certain mediators, discovery guidelines and pretrial guidelines to ensure the just, speedy, and inexpensive determination of each Preference Action.

9.      The expeditious and economical resolution of the Preference Actions is crucial to maximizing the amount available to distribute to holders of Claims in this Case. The Trustee prefers to resolve the Preference Actions as early as possible through traditional good faith negotiations including the voluntary exchange of information regarding the Trustee's claims and the defendant's defenses.

10.     The Trustee's efforts to date have reduced the number of potential Preference Actions to approximately 150 Preference Actions and resulted in settlement of numerous preference claims. The Trustee continues to negotiate with defendants in the Preference Actions and anticipates that a significant number of these adversary proceedings will be settled prior to mediation.

11.     Nevertheless, absent implementation of the streamlined procedures requested herein, the substantial number of remaining Preference Actions threatens to subject the Trustee to an overabundance of repetitive discovery requests, hearings and trials which would result in

---

[3] The Preference Action Procedures are detailed in the Procedures Order; whereas, this motion only summarizes the relief being requested. To the extent that there is a conflict between the procedures summarized in this motion and the procedures detailed in the Procedures Order, the Procedures Order shall govern.

the unnecessary expenditure of time, effort and funds by the Trustee to the detriment of holders of Claims in this bankruptcy case. The relief requested in this Motion is being requested in each of the Preference Actions, including the instant adversary proceeding.

**Summary of Procedures**

**Summary of Proposed Pretrial Conference Procedures**

12.     The Trustee seeks an omnibus telephonic pretrial conference for all Preference Actions (the "Pretrial Conference"). Prior to, or during, the Pretrial Conference, the Trustee and defendants in all Preference Actions (each a "Defendant") will exchange preliminary information of the claims and defenses as detailed in the Procedures Order.

13.     During the Pretrial Conference, the Trustee shall also address non-responsive Defendants by moving for default judgment and serving the applicable Defendants with a notice in the form of **Exhibit B** hereto. After the appropriate notice is given, the Court may enter a default judgment without hearing except as otherwise provided for in the Procedures Order.

14.     The Trustee will engage in settlement negotiations to the extent practicable and respond to good faith settlement offers pending as of the date of the Pretrial Conference within forty-five (45) days following the date of the Pretrial Conference.

**Summary of Proposed Mediation Procedures**

15.     For those Preference Actions which the Trustee is unable to settle, the Trustee or the Defendant may elect mandatory mediation by giving notice as described in the Procedures Order.

16.     Those Preference Actions in which the amount of the transfers alleged to be preferential and recoverable pursuant to 11 U.S.C. §§ 547 and 550 is less that $75,000.00 shall be a "Tier I Mediation" and all other mediations shall be "Tier II Mediations".

17.     The parties shall consult to select a mediator.  In the event that parties cannot otherwise agree, George N. Panagakis with Skadden, Arps, Slate, Meagher & Flom, LLP shall serve as mediator for Tier I Mediations.  Mr. Panagakis' qualifications are set forth in **Exhibit C** hereto.  Mr. Panagakis' mediation rates are a per diem for actual mediation/arbitration time of $3,000 for days when two or fewer mediations are scheduled, and $5,000 per day if there are 3 or more mediations conducted in a single day, plus expenses.

18.     Judge Erwin I. Katz shall serve as mediator for all Tier II Mediations.  Judge Katz's qualifications are attached hereto as **Exhibit D**.   Judge Katz's mediation rates are $700 an hour for preparation time and a per diem for actual mediation/arbitration time of $7,000, plus expenses.  Judge Katz generally conducts 4 mediations per day in preference cases in 5-day week blocks.

19.     Judge Katz served as of counsel in the Chicago office of the Trustee's primary law firm in this bankruptcy case, Greenberg Traurig, LLP, during 2003 and 2004.  Judge Katz presently has no affiliation with, or financial connection to, Greenberg Traurig, LLP, and has indicated to the Trustee's counsel that he can serve as an impartial mediator in these proceedings.

20.     Mediations shall take place either in Atlanta, Georgia, or at a mutually agreeable alternative location, on a date agreed to by the mediator and the parties.

21.     All mediations shall be conducted in accordance with the Procedures Order and otherwise the mediator shall control all procedural aspects of the mediation, including: finalizing dates, times, and places for conducting sessions of the mediation; requiring the submission of confidential statements; designing and conducting the mediation sessions; and establishing a deadline for the parties to act upon a settlement proposal.

22.     Parties shall share equally in the cost of the mediation, including the mediator's fees and allocated expenses of the mediator.

23. The mediator shall within ten (10) days from the conclusion of the mediation file a report, signed by all parties to the controversy and their counsel, advising the Court whether or not the matter has been settled.

24. The Trustee believes that all mediations can be completed by December 1, 2011 and requests that the Court conduct omnibus status conferences in December, 2011 for those proceedings which are not dismissed by stipulation.

## Summary of Proposed Discovery Procedures

25. The Trustee seeks a stay of all formal discovery in all Preference Actions until December 1, 2011.

26. The Trustee is requesting that all proceedings in each Preference Action in which a Defendant files a responsive pleading be stayed.

27. The Trustee reserves all rights to request from this Court an order that further stays discovery and/or establishes uniform discovery procedures in the event that the Trustee determines such procedures would be beneficial to the efficient administration of the Preference Actions.

## Basis for Relief

28. Judges hearing matters under the Bankruptcy Code have broad authority to regulate the practice and procedure of all matters before them. *See* Fed. R. Bankr. P. 9029(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the district."). Fed. R. Bankr. P. 1001 makes it clear that a "just, speedy, and inexpensive determination of every case and proceeding" must be at the heart of all procedural determinations. The Preference Action Procedures allow for a fair and efficient determination of the issues in each Preference Action without the costs involved in litigation.

29.     11 U.S.C. § 105(a) provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).  The Trustee submits that approval of the Preference Action Procedures is appropriate and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

30.     The Alternative Dispute Resolution Act of 1998, (28 U.S.C. §§ 651 *et. seq.*) requires district courts to authorize use of alternative dispute resolution in civil actions, including adversary proceedings in bankruptcy.  The concept of comprehensive alternative dispute resolution procedures are often used by bankruptcy courts.  *See, e.g.*, *In re Sun Healthcare Group, Inc.*, Case No. 99-3657, U.S. Bankruptcy Court, District of Delaware.

31.     The rights of the parties are not substantively impacted by the proposed Preference Action Procedures.  *See* William J. Woodward, Jr., *Evaluating Bankruptcy Mediation*, J. DISP. RESOL. 1, 7 (1999) ("If a party is not satisfied with the terms of the proposed settlement, they are free to walk away from the mediation table and pursue their full legal rights in court").

32.     Without the relief requested herein pertaining to discovery, the Trustee will be bombarded with an assault of burdensome and unnecessary discovery requests.  The stay on Preference Actions will apply to both sides ensuring that neither is gaining a competitive advantage.  Further, the Preference Action Procedures require the Trustee to make good faith efforts to negotiate and settle the Preference Actions, including the voluntary exchange of documents.  Finally, the requested stay on discovery is limited in time and will not harm the Defendants.

33.    Procedures similar to those requested herein are often granted by courts in similar cases.  *See e.g. In re Buehler Foods, Inc., et al.*, Case No. 05-70961-BHL-11 (Bankr. S.D. Ind. May 4, 2005); *In re Collins & Aikman Corp.*, 376 B.R. 815 (Bankr. E.D. Mich. 2007).

34.    The Trustee submits that the Preference Action Procedures are in the best interest of all parties in interest.

35.    The Trustee shall serve upon each preference Defendant a copy of this Motion and the Notice Attached hereto as **Exhibit E**.  If a Defendant is not served with a copy of the Motion and the Notice, such failure shall not constitute a waiver of any Causes of Action or other rights the Trustee, the Debtor or the Debtor's Estate may have against such Defendant.

WHEREFORE, the Trustee respectfully requests the Court's entry of an order establishing certain procedures in the Preference Actions, including the instant adversary proceeding, substantially in the form of the Procedures Order, and for any and all other relief that is just and proper.

Respectfully submitted this 10th day of March, 2011.

Respectfully Submitted,

HOSTETLER & KOWALIK, P.C.


By_____/s/ Jeremy M. Dunn_____
      Jeffrey A. Hokanson
      Jeremy M. Dunn
      HOSTETLER & KOWALIK, P.C.
      101 West Ohio Street, Suite 2100
      Indianapolis, Indiana 46204
      Tel: (317) 262-1001
      Fax: (317) 262-1010
      Email: jhokanson@hklawfirm.com
      Email: jdunn@hklawfirm.com

*Counsel for William S. Kaye, in his capacity as*
*Liquidating Trustee for BFW Liquidation*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 09-00634-BGC-11** |
| **BFW LIQUIDATION, LLC f/k/a** | ) | **Chapter 11** |
| **BRUNO'S SUPERMARKETS, LLC,** | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **WILLIAM S. KAYE, as Liquidating** | ) | |
| **Trustee of BFW Liquidation, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | **Adv. Proc. No. 11-_____-BGC** |
| | ) | |
| v. | ) | |
| | ) | |
| _____, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER ESTABLISHING PROCEDURES**
**FOR CERTAIN ADVERSARY PROCEEDINGS**

On March 7, 2011, William S. Kaye, as Liquidating Trustee (the "Trustee") for BFW

Liquidation, LLC, f/k/a Bruno's Supermarkets, LLC (the "Debtor"), by and through counsel,

filed a *Motion for Order Establishing Procedures for Certain Adversary Proceedings*

("Motion"), seeking entry of an order, pursuant to 11 U.S.C. § 105, 28 U.S.C. § 651, Fed. R.

Bankr. P. 9019, paragraph 20 of the Confirmation Order and section VIII of the Plan, as well as

Fed. R. Civ. P. 16 and 26 (as made applicable by Fed. R. Bankr. P. 7016 and 7026), establishing

procedures for mediation and discovery in certain adversary proceedings pending before the

Court, including the instant adversary proceeding.

The Motion came on for hearing on April 6, 2011, pursuant to notice to all affected parties, including, but not limited to, the Preference Transferees (as defined in the Motion) and the Defendant in this adversary proceeding. The Court finds that the Motion has been duly served upon all parties in interest, including the Defendant in this adversary proceeding, and that adequate notice of the Motion and the hearing thereon has been given.

The Court has reviewed and considered the Motion, as well as all objections thereto and all other relevant pleadings, as well as the arguments and representations of counsel appearing at the April 6, 2011 hearing on the Motion. It appearing to the Court, after due deliberation, that the relief requested in the Motion is in the best interest of all parties and that sufficient cause exists to warrant the relief requested in the Motion, is hereby ORDERED as follows:

1.　　The Motion is GRANTED. All capitalized terms used herein not otherwise defined shall have the meanings set forth the Motion.

2.　　**Pretrial Procedures.** The procedures outlined in the Motion for Order Establishing Procedures for Certain Adversary Proceedings are hereby approved as follows:

a.　　The Court shall hold an omnibus pretrial conference for all Preference Actions in May, 2011 (the "Pretrial Conference"), which date shall be established by subsequent order. Not later than seven (7) days prior to the Pretrial Conference, the Trustee shall file and serve a notice to the defendant in each of the Preference Actions (each, a "Defendant"). The notice shall include a toll free call-in number and a proposed agenda. Defendants may appear at the Pretrial Conference in person or telephonically.

b.　　The parties to Preference Actions are not required, unless and until further order of the Court, to hold a scheduling conference or provide a scheduling conference report which otherwise may be required by Fed. R. Civ. P. 26(f) and District Court Local Rule 26.1 prior to the Pretrial Conference.

c.      Prior to or during the Pretrial Conference the Trustee shall:

i.      provide each Defendant with (a) the dates and amounts of each transfer that the Trustee claims is preferential, avoidable, and recoverable pursuant to 11 U.S.C. §§ 547 and 550 and (b) to the extent reasonably available to the Trustee in the Debtor's existing records, information related to invoices which the Trustee believes relate to such transfers;  and

ii.      be entitled to seek the entry of a default judgment against any Defendant who has been properly served but fails to file an answer or other responsive pleading (each, a "Defaulting Defendant"), as follows:

1.      the Trustee shall serve each applicable Defaulting Defendant with a notice substantially in the form of **Exhibit B** to the Motion ("Default Notice");

2.      the Court shall enter a default judgment without further notice or hearing if any Defaulting Defendant fails to respond to a Default Notice within twenty-eight (28) days from the date of service of the Default Notice; and

3.      for those Defaulting Defendants which respond to a Default Notice within twenty-eight (28) days from the date of service of the Default Notice, the Court shall conduct a hearing on May __, 2011, for the purpose of allowing such Defaulting Defendants to show cause why a default judgment should not be entered; provided, however, that the Trustee may elect to withdraw its request for default judgment as against any Defaulting Defendant and elect to settle or mediate the Preference Action as provided below.

d.      Nothing in this Order shall excuse any Defendant from filing an answer or other responsive pleading in this adversary proceeding.  To the extent that a Defendant has received an extension of time to respond which expires after the entry of this Order, such Defendant shall file their responsive pleading in compliance with the extension granted or else will be subject to the default judgment procedures contained *supra.*

e.      Prior to or during the Pretrial Conference, each Defendant shall provide the Trustee a written statement with the amount of the transfers, if any, which the Defendant believes to be preferential, avoidable, and recoverable pursuant to 11 U.S.C. §§ 547 and 550, and a summary of each defense which the Defendant believes to be applicable.

f.      In the ninety (90) day period immediately following the Pretrial Conference (the "Informal Discovery Period"), the parties to the Preference Actions shall conduct limited informal discovery as follows:

i.      The Defendant may provide to the Trustee a written request for information or documentation directly related to the Trustee's *prima facie* case, and the Trustee may provide to Defendant a written request for information or documentation as to  matters that may give rise to one or more of the Defendant's defenses;

ii.      The opposing party shall respond to such limited discovery request within thirty-five (35) days from receipt of such request;

iii.      During the Informal Discovery Period, no party shall be entitled to take a deposition of the other party without written consent from such party or leave of this Court; and

iv.      This Court shall hear any disputes as to the scope of any contested discovery request on an expedited basis, generally via a telephonic conference.

3.      **Settlement Negotiations.**  The Trustee, through his counsel and other agents, shall attempt in good faith to communicate and engage in settlement negotiations with the Defendants in an effort to settle the Preference Actions.  Not later than forty-five (45) days following the Pretrial Conference the Trustee shall respond to any settlement offers which were outstanding as of the Pretrial Conference.

4.      **Mediation Procedures.**  For those Preference Actions which the parties are unable to settle the Trustee or Defendant may elect mandatory mediation (each a "Preference Action Mediation").  The procedures for all Preference Action Mediations are hereby approved as follows:

g.      <u>Election of Preference Action Mediation</u>.  Preference Action Mediation shall be elected as follows:

i.      After the Pretrial Conference, the Trustee may elect a Preference Action Mediation by providing the Court and the Defendant or Defendant's counsel with a notice of election of mediation which shall include (i) a copy of this Order, (ii) the name and contact information of at least one proposed mediator (iii) a proposed location (unless otherwise agreed, mediations should be held in Atlanta, Georgia) and (iv) three (3) proposed dates for the Preference Action Mediation ("Election Notice").

ii.      In the event a Defendant that wishes to elect a Preference Action Mediation and has not received an Election Notice within sixty-three (63) days after the Pretrial Conference, such Defendant may file an Election Notice in the

appropriate Preference Action and serve the Election Notice on counsel for the Trustee.

iii.    A party to a Preference Action which receives an Election Notice shall respond to such notice in writing within fourteen (14) days from the service date of the Election Notice which response shall (i) accept a mediator proposed in the Election Notice or propose an alternative mediator, (ii) accept the proposed location or propose an alternative location and (iii) accept one of the proposed dates for the Preference Action Mediation or propose a different date.

h.    <u>Selection of a Preference Action Mediator</u>.    Mediators for Preference Action Mediations shall be selected as follows:

i.    If the parties agree upon a mediator, then they shall submit such mediator for approval by this Court via motion, which will be considered without the necessity of a hearing.

ii.    If the parties are unable to agree upon a mediator within twenty-one (21) days after the date of service of the Election Notice, then the mediator shall be George N. Panagakis with the law firm Skadden, Arps, Slate, Meagher & Flom LLP for Tier I Mediations and Judge Erwin I. Katz for Tier II Mediations. Mr. Panagakis and Judge Katz are approved as mediators in the Preference Action Mediations and may be compensated as requested in the Motion without need of filing an affidavit, or further notice or hearing due to the authority previously granted to the Trustee under the Plan.

i.    <u>Conduct of Preference Action Mediations</u>.  Preference Action Mediations shall be conducted as follows:

i.        Except as otherwise provided in this Order, the mediator shall control all procedural aspects of the Preference Action Mediation, including: finalizing dates, times, and locations for conducting sessions of the mediation; requiring the submission of confidential statements; designing and conducting the mediation sessions; and establishing a deadline for the parties to act upon a settlement proposal.

ii.       Once approved by this Court, the mediator selected to conduct a Preference Action Mediation shall, within a reasonable amount of time after approval send written notice ("Mediation Notice") to the Trustee and appropriate Defendant which (a) identifies the mediator, (b) schedules the exchange of documents and other evidentiary items including any limited depositions, (c) summarizes the format and procedures of the mediation, (d) confirms the date, time and location of the mediation and (e) details the standard for any written submissions for the mediation.

iii.     The Trustee and each Defendant receiving a Mediation Notice shall have fourteen (14) days to respond to the mediator and opposing party with a request to (a) change the date, time or location of the mediation and propose a primary and secondary date, time or location and (b) request any modifications to the discovery schedule.

iv.     The parties shall cooperate with the mediator in the scheduling of the Preference Action Mediation and the mediator shall resolve all scheduling matters.

v.      The rules of evidence shall not apply to the Preference Action Mediations, except to the extent that FRE 408 would preclude the introduction of

evidence regarding settlement discussions at a subsequent trial of a Preference Action.

      vi.      The Trustee and Defendants shall participate in facilitative mediation, as scheduled and presided over by the appointed mediator, in good faith and with a view toward reaching a consensual resolution. Attendance in person at the Preference Action Mediation is required of counsel for each party and of a representative of each party having full authority to negotiate and settle all disputed issues and amounts, except that (a) parties may mutually consent with the mediator's approval to participate by telephone and (b) in a Preference Action Mediation where the amount in controversy is less than $75,000, the parties' representatives with full settlement authority may participate by telephone.

      vii.      Parties shall share equally in the cost of the Preference Action Mediation, including the mediator's fees and allocated expenses of the mediator.

      viii.      Willful failure of a Defendant to attend any Preference Action Mediation or any other material violation of this Order, shall be reported to the Court and shall result in the imposition of sanctions by the Court of reimbursement of the non-violating party's fees, costs and expenses, including attorneys' fees, resulting from such violation. Further, upon a notice and a hearing, a party's failure to comply with this Order may result in a default judgment.

      j.      <u>Conclusion of Preference Action Mediations</u>. Preference Action Mediations shall be concluded as follows:

i.        All Preference Action Mediations shall be concluded by December 1, 2011. This deadline may be extended by order of the Court upon motion and for good cause.

ii.        The mediator shall within ten (10) days from the conclusion of a Preference Action Mediation file a report, signed by all parties to the Preference Action and their counsel, advising the Court whether or not the matter has been settled.

iii.        If a Preference Action Mediation results in a settlement, then the parties shall submit to this Court a stipulation of dismissal of the Preference Action pursuant to the terms of the settlement.

iv.        If any Preference Action Mediation fails to result in a settlement, then counsel for the Trustee shall submit a proposed scheduling order for an omnibus status hearing in the unsettled Preference Actions ("Omnibus Status Hearing"). At least seven (7) days prior to such status hearing the parties shall submit a joint report which summarizes the contested factual and legal issues.

5.        **Discovery Procedures.** The following discovery procedures are hereby approved as follows:

k.        Effective as of the date hereof, except as explicitly authorized in this Order, all formal discovery in all Preference Actions shall be stayed until the date of the Omnibus Status Hearing.

l.        To facilitate the Preference Action Mediations, all proceedings, including dispositive motions, in each Preference Action in which the Defendant has filed any responsive pleading are stayed. In addition, all proceedings, including dispositive

motions, in each Preference Action in which the Defendant files a responsive pleading in the future are stayed upon such filing.

m. The Trustee shall have the right to request from this Court an order that further stays discovery and/or establishes uniform discovery procedures in the event that he believes such procedures would be beneficial.

6. Nothing in this Order shall be construed to prohibit the Trustee from seeking a default judgment against a Defendant which fails to respond in a timely manner as provided for in the Bankruptcy Code or the applicable procedural rules.

7. If at any time the Trustee, in his sole discretion, determines that a Defendant is failing to participate in good faith in the outlined mediation and/or dispute resolution process, the Trustee may file a notice so indicating with the Court and serve the same on the Defendant, which will automatically terminate the mediation procedures set forth herein above and lift the stay of formal discovery proceedings without further order of Court. The date of filing of such notice shall serve in place of the date of the filing of Defendant's initial answer or other responsive pleading for purposes of deadlines and requirements imposed upon the parties and the Court by Fed. R. Civ. P. 16 and 26 with respect to initial disclosures, conferences among the parties and submission of a formal discovery plan and other matters.

8. To the extent required by Fed. R. Civ. P. 16(b)(1), this Order and/or the stay provided herein shall satisfy and/or stay the timing requirements of said rule for issuance of an initial scheduling order.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

SO ORDERED, this _____ day of _____, 2011.


_____
Hon. Benjamin G. Cohen
United States Bankruptcy Judge

Prepared and presented by:

HOSTETLER & KOWALIK, P.C.


By  */s/ Jeremy M. Dunn*
Jeffrey A. Hokanson
Jeremy M. Dunn
HOSTETLER & KOWALIK, P.C.
101 West Ohio Street, Suite 2100
Indianapolis, Indiana 46204
Tel: (317) 262-1001
Fax: (317) 262-1010
Email: jhokanson@hklawfirm.com
Email: jdunn@hklawfirm.com

*Counsel for William S. Kaye, in his capacity as Liquidating Trustee for BFW Liquidation*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 09-00634-BGC-11** |
| **BFW LIQUIDATION, LLC f/k/a** | ) | **Chapter 11** |
| **BRUNO'S SUPERMARKETS, LLC,** | ) | |
| | ) | |
| **Debtor.** | ) | |
| _____ | ) | |
| | ) | |
| **WILLIAM S. KAYE, as Liquidating** | ) | |
| **Trustee of BFW Liquidation, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Adv. Proc. No. 11-_____-BGC** |
| | ) | |
| **v.** | ) | |
| | ) | |
| _____, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

## NOTICE OF MOTION FOR DEFAULT JUDGMENT

William S. Kaye, as Liquidating Trustee (the "Trustee") in the above captioned bankruptcy case of BFW Liquidation, LLC (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 105, 28 U.S.C. § 651, Fed. R. Bankr. P. 9019, paragraph 20 of the Order Confirming Debtor's Fourth Amended Plan of Liquidation and section VII of the Debtor's Fourth Amended Plan of Liquidation, moved the Court for entry of a default judgment against _____ ("you"). By way of the Motion, the Trustee requests that the Court enter default judgment against you and grant the relief requested in the Trustee's Complaint.

**You should read the Motion and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

If you object to the Motion, or if you wish for the Court to consider your views on the Motion, then **on or before _____, 2011 at 5:00 p.m. (CT)** you or your attorney must:

1. File a written objection to the Motion, which should set forth reasons why you object, with the Clerk of the United States Bankruptcy Court at:

Clerk of the Court
United States Bankruptcy Court
Northern District of Alabama
Southern Division
1800 Fifth Avenue North
Birmingham, AL 35205

If you mail your objection, you must mail it early enough so that it will be received by the date it is due.

2. You must also mail a copy of your objection to:

Jeremy M. Dunn
HOSTETLER & KOWALIK, P.C.
101 West Ohio Street, Suite 2100
Indianapolis, Indiana 46204
Tel: (317) 262-1001
Fax: (317) 262-1010
Email: jdunn@hklawfirm.com

If you do not file an objection by the date it is due, the Court may grant the relief requested without further notice. If an objection is filed, the Court will set the Motion for hearing before the Honorable Benjamin G. Cohen in Courtroom 4 of the United States Bankruptcy Court, 1800 Fifth Avenue North, Birmingham, Alabama on _____, **2011 at 10:00 A.M. (Central Time)**, which you or your attorney will be expected to attend.

Dated this ___ day of _____, 2011.

Respectfully Submitted,

HOSTETLER & KOWALIK, P.C.


By_____*/s/ Jeremy M. Dunn*_____
  Jeffrey A. Hokanson
  Jeremy M. Dunn
  HOSTETLER & KOWALIK, P.C.
  101 West Ohio Street, Suite 2100
  Indianapolis, Indiana 46204
  Tel: (317) 262-1001
  Fax: (317) 262-1010
  Email: jhokanson@hklawfirm.com
  Email: jdunn@hklawfirm.com

*Counsel for William S. Kaye, in his capacity as Liquidating Trustee for BFW Liquidation*

**EXHIBIT C**

# George N. Panagakis

Partner
Skadden, Arps, Slate, Meagher & Flom LLP
Corporate Restructuring

Chicago Office
T: 312.407.0638
F: 312.407.8586
E: george.panagakis@skadden.com

Education
B.A., Northwestern University, 1987
J.D., Northwestern University School of
Law, 1990 (Northwestern University Law
Review)

Professional Experience
Law Clerk for Carolyn Berger, Vice-
Chancellor of the Delaware Court of
Chancery (1990-1991)

Bar Admissions
Illinois

Associations/Affiliations
Chicago Bar Association, Bankruptcy
Section Co-Chair (2003-2007)
Turnaround Management Association
(1997-present)
American Bankruptcy Institute
(2003-present)

George Panagakis represents clients in complex business reorganizations, debt restructurings and insolvency matters. Mr. Panagakis advises companies experiencing financial difficulties as well as lenders, creditors, purchasers or other parties with an interest in such companies.

Mr. Panagakis has been lead counsel in numerous Chapter 11 cases, including Avado Brands, Inc.; Eagle Food Centers, Inc.; Enesco International, Inc.; Hartmarx Corporation; Ingersoll International, Inc.; Master Graphics, Inc.; Neumann Homes, Inc.; and Primus Telecommunications. Mr. Panagakis also has led the successful out-of-court restructuring of Northland Cranberries, Inc. and is currently representing a major communications company, a major steel company and a tier-one auto supply company in their respective out-of-court restructurings. In addition, Mr. Panagakis has had primary responsibilities in the restructuring of a host of other companies, including Comdisco, Inc.; County Seat Stores, Inc.; Delphi Corporation; Friedman's, Inc.; Service Merchandise, Inc.; and USN Communications, Inc.

Mr. Panagakis also has represented creditors and other parties in interest in troubled situations. In particular, Mr. Panagakis has represented CIT Group, Credit Suisse First Boston, Deutsche Bank, J.P. Morgan Chase and other lenders as agent or significant participant in both debtor-in-possession and out-of-court rescue loans, as well as Silver Point Capital in connection with the out-of-court restructuring of one of its portfolio companies. Mr. Panagakis also has represented the largest creditor group in the Johns-Manville Trust restructuring and has represented official committees in the American Home Patients, Inc.; Ben Franklin Stores, Inc.; and Nutritional Sourcing Inc. Chapter 11 cases as well as several informal creditor committees. In addition, Mr. Panagakis has represented various parties in connection with the purchase of distressed companies or their assets.

Recently, Mr. Panagakis was named "Dealmaker of the Week" by The Am Law Daily. He has been listed as one of the leading lawyers in the corporate restructuring and insolvency field in Chambers USA every year since 2004 and The Best Lawyers in America since 2007, and was named by Turnarounds & Workouts as one of the top 10 restructuring attorneys under the age of 40 in 2002. In 2007, Mr. Panagakis received the Large Transaction of the Year award from the Chicago Chapter of the Turnaround Management Association for his representation of Enesco. Mr. Panagakis is a frequent speaker on restructuring topics and has served as a contributing author to Norton's Annual Survey of Bankruptcy Law.

<u>**EXHIBIT D**</u>

JUDGE ERWIN I. KATZ(ret)
Erwin I. Katz, Ltd.

*Erwin I. Katz* retired, in 2002, after 14 years, as a judge of the United States Bankruptcy Court for the Northern District of Illinois, Chicago, Illinois. During his tenure he also served in the United States Bankruptcy Court for the District of Delaware for the last six months of his term. In Delaware he heard major cases for the court as well as mediating cases for the other bankruptcy judges. He is a former Assistant United States Attorney for the Northern District of Illinois(1962-1966), where he handled civil, criminal and appellate matters as well as being specially assigned to the organized crime division.

   Some of his representative decisions were <u>In Re UNR</u>,(asbestos litigation); <u>In Re Mercury Finance</u>(securities class actions in a reorganization plan),and <u>In Re Griffin Trading</u>(cross-border conflicts), General Cinemas, and Global Telecommunications. He is currently Trustee of the Unencumbered Assets Trust in the National Century Financial Enterprises case in the Southern District of Ohio where he will supervise the administration of approximately $2-billion in securities and fraud claims. He was the Administrator of the Mediation program and the Administrator of the Arbitration program in the Kmart bankruptcy estate, and has been appointed as the Future Claimants Representative  in the asbestos case of In Re Artra. He was also Mediator for the national mediation program for 750 Adversaries in the <u>Teligent</u> case pending in the Southern District of New York, the Anicom case pending in the Northern District of Illinois, the Service Merchandise case and the Murray case in the Middle District of Tennessee. He was the successful mediator in the US Gen case, involving a contested 1.2 billion dollar estate in the District of Maryland.

   He has mediated cases for both the District Court and the Bankruptcy Court. Outside of the Bankruptcy arena, he has mediated class actions, securities litigation, creditors rights, discrimination cases, official misconduct charges, contract disputes, partnership dissolutions,  water-rights, trademark, and Uniform Commercial Code issues. In the Bankruptcy area he has mediated the entire gamut of bankruptcy, including plan disputes, discharge issues, cross-border insolvencies, priorities, liens and claims.

   In addition, in 2003 he was a member of a team of American and Thai lawyers engaged in drafting a new mediation code for the government of Thailand under a grant from the World Bank.

   Since retirement he has continued to mediate disputes in Chicago as well as throughout the country. The disputants and lawyers have appeared from New York, California, Boston, Texas, Missouri and diverse other jurisdictions, as well as in Chicago. He has been  the Arbitrator in several arbitrations involving multi-million dollar contract disputes and anti-trust claims.

   He is currently a member of the national panel of neutrals for commercial cases of the American Arbitration Association, of the CPR Institute of Dispute Resolution, Mediators panel, US Bankruptcy Court, Southern District of New York, and District of

Delaware, where he is also Chair of the Mediation Rules Subcommittee, and affiliated with the Bet Din of Chicago.

He was named one of the "Outstanding Bankruptcy Judges for 1998" by Turnaround and Workouts newsletter. He was listed as one of the "Top Five Hundred Public and Private Judges in America" by the February, 2006 edition of Lawdragon Magazine, as the best mediator/arbitrator in the insolvency field. He has written, lectured and moderated for various Continuing Legal Education programs for the Federal Judicial Center, the Illinois State Bar Association, the Illinois State Courts, the Chicago Bar Association and the Decalogue Society of Lawyers.

Judge Katz has been certified as a mediator by the Institute For Dispute Resolution of DePaul University, Chicago, IL, and in Advance Mediation Techniques by the Center for Dispute Settlement, Washington, D.C. Judge Katz is the former Director of the ADR Program for the Bankruptcy Court of the Northern District of Illinois, and Coordinator of the Joint Settlement Program of the District and Bankruptcy Courts; and a member of the ADR committee of the United States District Court.

He has been Adjunct Professor in the teaching of Mediation at DePaul University College of Law, and has taught mediation skills and administration to judges for the Federal Judicial Center. He is former Co-Chairman of the ADR Sub-Committee for the American Bankruptcy Institute, a member of the ADR Committee of the Chicago Bar Association and the American Bar Association, and former member of the Task Force on Unauthorized Practice of Law of the Association for Conflict Resolution, and the Board of Directors of the Chicago Chapter.

He is the contributing author for the Federal Courts chapter for the ADR publication of the Illinois Institute For Continuing Legal Education.

Erwin I. Katz, Ltd.
2839 W. Morse Ave.
Chicago, IL 60645-2929
773-338-9076
cell 773-841-6219
fax 773-338-9077
katzadr@aol.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHEREN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.  09-00634-BGC-11 |
| BFW LIQUIDATION, LLC f/k/a., | ) | Chapter 11 |
| BRUNO'S SUPERMARKETS, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| WILLIAM S. KAYE, as Liquidating | ) | |
| Trustee of BFW Liquidation, LLC | ) | Adversary Proceeding No. 11-00152 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF OPPORTUNITY TO OBJECT

William S. Kaye, as Liquidating Trustee (the "Trustee") in the above captioned bankruptcy case of BFW Liquidation, LLC (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 105, 28 U.S.C. § 651, Fed. R. Bankr. P. 9019, paragraph 20 of the Order Confirming Debtor's Fourth Amended Plan of Liquidation [Docket No. 1738] and section VII of the Debtor's Fourth Amended Plan of Liquidation [Docket No. 1632], filed his *Motion for Order Establishing Procedures for Certain Adversary Proceedings* (the "Motion").  By way of the Motion, the Trustee requests that the Court enter an order establishing certain procedures in adversary proceedings arising under 11 U.S.C. § 547, including the instant adversary proceeding.

**You should read the Motion and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.**

If you object to the Motion, or if you wish for the Court to consider your views on the Motion, then **on or before April 1, 2011 at 5:00 p.m. (CT)** you or your attorney must:

3. File a written objection to the Motion, which should set forth reasons why you object, with the Clerk of the United States Bankruptcy Court at:

Clerk of the Court
United States Bankruptcy Court
Northern District of Alabama

Southern Division
1800 Fifth Avenue North
Birmingham, AL 35205

If you mail your objection, you must mail it early enough so that it will be received by the date it is due.

    4.       You must also mail a copy of your objection to:

        Jeremy M. Dunn
        HOSTETLER & KOWALIK, P.C.
        101 West Ohio Street, Suite 2100
        Indianapolis, Indiana 46204
        Tel: (317) 262-1001
        Fax: (317) 262-1010
        Email: jdunn@hklawfirm.com

     If you do not file an objection by the date it is due, the Court may grant the relief requested without further notice. The Court will set the Motion for hearing before the Honorable Benjamin G. Cohen in Courtroom 4 of the United States Bankruptcy Court, 1800 Fifth Avenue North, Birmingham, Alabama on **Wednesday**, **April 6, 2011 at 10:00 A.M. (Central Time)**, which you or your attorney will be expected to attend either in person or telephonically by using **Dial-in Number: 1-888-439-7617, Participant Passcode 537684**. No further notice of this hearing shall be sent.

     Dated this 10th day of March, 2011.

                  HOSTETLER & KOWALIK, P.C.


                  By_____*/s/ Jeremy M. Dunn*_____
                     Jeffrey A. Hokanson
                     Jeremy M. Dunn
                     HOSTETLER & KOWALIK, P.C.
                     101 West Ohio Street, Suite 2100
                     Indianapolis, Indiana 46204
                     Tel: (317) 262-1001
                     Fax: (317) 262-1010
                     Email: jhokanson@hklawfirm.com
                     Email: jdunn@hklawfirm.com

                     *Counsel for William S. Kaye, in his capacity as*
                     *Liquidating Trustee for BFW Liquidation*